UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ramon Campos Garibay,
aka Jose Luis Campos,

        Petitioner,        **ORDER**
                                  Criminal File No. 09-131 (MJD)
v.                                       Civil File No. 10-4786 (MJD)

United States of America,

        Respondent.

---

Ramon Campos Garibay, Pro Se.

James E. Lackner, United States Attorney's Office, Counsel for Respondent.

---

## I.    INTRODUCTION

This matter is before the Court on Petitioner Ramon Campos Garibay's Pro Se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  [Docket No. 63]

## II.    BACKGROUND

On August 27, 2009, pursuant to a plea agreement, Petitioner pled guilty to a one count Information charging him with Possession with Intent to Distribute a

1

mixture and substance containing a detectable amount of methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

As part of the plea agreement, Petitioner agreed that, if this matter had gone to trial, the Government would be able to prove the following facts beyond a reasonable doubt:

> On April 22, 2009, St. Paul Police Officers received information that Campos was to deliver drugs to an address in East St. Paul, Minnesota. Officers set up surveillance at the location where the drugs were to be delivered. Officers saw Campos get into a late-model black Dodge pick up truck and begin to drive. He was the lone occupant of the vehicle. Officers stopped Campos and, eventually, found 111 grams of methamphetamine and 111 grams of cocaine in his vehicle. Campos later, after being Mirandized and waving his Miranda rights, admitted that the narcotics found in the vehicle were his.

(Plea Agreement ¶ 2.) The Guideline ranges contemplated by the parties in the plea agreement, based on an offense level of 26 and a three-level reduction for acceptance of responsibility, were as follows:

    i)     51-63 months based on level 23 and criminal history category II; or

    ii)    46-57 months based on level 23 and criminal history category I; or

    iii)   37-46 months based on level 21, if eligible for a 2-level reduction under the "safety valve" provision and criminal history category I.

(Id. ¶ 6.f.)  Further, as part of the plea agreement, Petitioner agreed to waive his rights to file pretrial motions, appeal his sentence unless the sentence exceeded 87 months, and file a petition under 28 U.S.C. § 2255.  (Id. ¶¶ 3, 9.)

At the change of plea hearing, Petitioner stated that he understood that the Guideline calculations contemplated by the parties were anywhere from 37 months to 63 months. (Plea Tr. 8-9.)  Additionally, Petitioner acknowledged that he understood by pleading guilty to the Information, he was waiving his right to file pretrial motions, his right to appeal his sentence if the sentence did not exceed 87 months, as well as his right to petition under 28 U.S.C. § 2255 or collaterally attack his sentence.  (Plea Transcript 10-11.)

When asked by the Court whether he understood everything in the plea agreement, Petitioner answered affirmatively.  (Id. 13-14.)  Furthermore, Petitioner stated that he had no questions concerning the constitutional rights he was giving up by his plea of guilty.  (Id. 20-21.)  Petitioner then admitted the factual basis for his plea of guilty.  (Id. 23-25.)  Specifically Petitioner admitted that while driving, he was stopped by St. Paul police officers, who searched the vehicle and found 111 grams of methamphetamine and 111 grams of cocaine, and that the drugs found in the vehicle belonged to him.  (Id.)

The Presentence Investigation Report ("PSR") prepared by the probation office increased the Petitioner's base offense level by two points for possession of a firearm in connection with the offense. (PSR ¶ 17.) At the sentencing hearing both parties agreed that the two-level firearm enhancement should not be applied, because it was not contemplated by the plea agreement. (Sentencing Tr. 4.) Petitioner did not speak with the Government, and thus it was determined that Petitioner was not eligible for safety valve relief. (Id.)

The Court imposed a sentence of 46 months, and three years of supervised release. (Id. 7-8.) Petitioner appealed his sentence. The Eighth Circuit found that Petitioner knowingly and voluntarily entered into a plea agreement containing a waiver of appeal if his sentence did not exceed 87 months, and dismissed the appeal. United States v. Garibay, Appeal No. 10-1202, (8th Cir. July 9, 2010) [Docket No. 60].

On December 2, 2010, Petitioner filed a pro se petition pursuant to 28 U.S.C. § 2255 for an order to vacate, set aside, or correct his sentence on the grounds that (1) his conviction was obtained by a plea of guilty which was unlawfully induced and made without understanding of the nature of the charge and the consequences of the plea, (2) his conviction was obtained by use of

evidence gained pursuant to an unconstitutional search and seizure, (3) his conviction was obtained by a violation of the privilege against self-incrimination, and (4) that he was denied effective assistance of counsel. [Docket No. 63] Petitioner also filed an addendum seeking a reduction in his sentence because of his status as an illegal alien. [Docket No. 64]

## III. DISCUSSION

### A. Waiver of Collateral Challenges

The Government argues that Petitioner's § 2255 motion should be denied, because Petitioner is bound to the plea agreement, in which Petitioner waived his right to collaterally challenge his sentence. Petitioner asserts that his attorney induced him into entering the plea agreement by promising that he would receive a three point reduction and would receive a two year maximum sentence, rendering the guilty plea involuntary.

"A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." Bradshaw v. Stumpf, 125 S. Ct. 2398, 2405 (2005) (citation omitted). Moreover, a waiver of right to collateral review is enforceable as long as the defendant entered into the plea agreement

knowingly and voluntarily. DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000). "A defendant's plea agreement waiver of the right to seek section 2255 post-conviction relief does not waive the defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel." Id. at 924. Thus, "[d]ismissal of a section 2255 motion on the basis of a waiver in the plea agreement is inappropriate when the defendant's claims of ineffective assistance of counsel relate to the negotiation of, and entry into, the plea agreement and wavier." Id. Since Petitioner argues that he was induced into entering the plea agreement by his attorney, the Court must determine whether there was ineffective assistance of counsel, before making a determination as to whether the Petitioner waived his right to collaterally attack his sentence.

    **B. Ineffective Assistance of Counsel**

In order to prove ineffective assistance of counsel, a petitioner must demonstrate: (1) counsel performed deficiently; and (2) that counsel's deficient performance prejudiced the decision against him. Strickland v. Washington, 466 U.S. 668, 687 (1984). When examining the first prong of the Strickland test, a court may consider counsel's performance deficient if it fell outside "the wide

range of reasonable professional assistance." Id. at 689. However, it is strongly presumed that counsel's performance falls within that "wide range of reasonable professional assistance." Id. A petitioner may satisfy Strickland's second prong by showing that but for the counsel's errors, the court would have made a different decision in petitioner's case. Id. at 691. "In the guilty plea context, the convicted defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Matthews v. United States, 114 F.3d 112, 114 (8th Cir. 1997) (citations omitted).

Petitioner asserts that his counsel was ineffective, because she deceived the Petitioner into signing the plea agreement by promising the Petitioner that he would receive a three level reduction and would receive a maximum sentence of two years. The record belies Petitioner's argument. Petitioner's representations made "during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Nguyen v. United States, 114 F. 3d 699, 703 (8th Cir. 1997). Initially, the Court notes that as a result of his plea, Petitioner did in fact receive a three level reduction on his base offense level. Moreover, at the change of plea hearing, Petitioner asserted that

7

outside of the plea agreement, there were no other promises or representations made to him, arguing against Petitioner's counsel promising Petitioner a maximum sentence of two years. (Plea Tr. 12, 18.)

Further, even if the Court were to assume counsel's performance was deficient because she promised the Petitioner he would receive a maximum two year sentence, Petitioner cannot demonstrate that he was prejudiced by his reliance on that promise. At the plea hearing, the Petitioner stated he understood the nature of the charges brought against him, and understood that the charges carried a statutory maximum sentence of twenty years imprisonment. (Id. 6-7.) Petitioner further acknowledged that he understood that the Guideline ranges contemplated by the plea agreement were anywhere from 37 to 63 months, all above two years. (Id. 9) Additionally, Petitioner stated that he understood that the plea agreement he was entering into was not binding on the Court, and that the Court could depart below or above the applicable Guidelines. (Id. 9-10.) Accordingly, even if Petitioner's counsel had made such a promise, Petitioner's ultimate sentence of 46 months was within the contemplated range of the plea agreement, a range Petitioner stated he understood at his change of plea hearing. Therefore, Petitioner's ineffective assistance of counsel claim must fail. Since

Petitioner has not shown that his plea was not knowing and voluntary, the Court determines that his waiver of collateral review is enforceable.

### C. Failure to Raise Pretrial Motion Concerning Arrest

Petitioner also claims that there were no reasonable grounds or probable cause for the arrest, and consequently evidence obtained from that arrest should have been suppressed.  Initially, since the Court has found Petitioner's § 2255 waiver to be enforceable, Petitioner's collateral attack that his conviction was obtained through the use of evidence gained by an unconstitutional search and seizure must be dismissed.  Additionally, the Court notes that Petitioner at his change of plea hearing, knowingly and intelligently waived his right to bring any pretrial motions.  (Plea Tr. 6.)

Furthermore, the Court finds that Petitioner cannot show ineffective assistance of counsel with regard to Petitioner's attorney's failure to bring any pretrial motions on behalf of the Petitioner.  As discussed above, Petitioner claims that his attorney's promise of a maximum two year sentence induced him to enter into the plea agreement.  The Court found that Petitioner knowingly and voluntarily entered into the plea agreement, which contained a waiver of the right to file any pretrial motions.  Since, Petitioner waived his right to challenge

the constitutionality of his arrest, Petitioner's counsel was not deficient by failing to raise this issue before this Court or before the Eighth Circuit. Accordingly, any ineffective assistance of counsel claim with regard to challenging the constitutionality of Petitioner's arrest is without merit.

### D. Violation of Privilege against Self Incrimination

Petitioner further alleges that his conviction was obtained by a violation of the privilege against self-incrimination. Once again, since the Court has found Petitioner's § 2255 waiver to be enforceable, Petitioner's collateral attack that his conviction was obtained a violation of the privilege against self-incrimination must be dismissed.

Moreover, the Court finds that the Petitioner cannot show ineffective assistance of counsel with regard to Petitioner's statements to the police. As discussed above, the Court finds that the Petitioner knowingly and intelligently entered into a plea agreement in which the Petitioner waived his right to bring pretrial motions. Consequently, Petitioner waived his right to challenge the constitutionality of the statements he made to the police upon his arrest. Petitioner's counsel was not deficient by failing to raise this issue before this Court or the Eighth Circuit. Accordingly, any ineffective assistance of counsel

claim with regard to challenging the constitutionality of Petitioner's statements to the police is without merit.

### E. Departure Based on Alien Status

In an addendum attached to his § 2255 motion, Petitioner argues that he is entitled to a departure based on his status as an illegal alien. Petitioner asserts that because he is an illegal alien, he is not eligible for placement in a halfway house or minimum security confinement, which makes his sentence more severe than a citizen's sentence would be under the same circumstances. Petitioner argues that this is a mitigating factor which this Court should have considered when sentencing the Petitioner. Since the Court finds that the Petitioner knowingly and voluntarily entered into a plea agreement which waived his right to collaterally attack his sentence, the Court finds that Petitioner's claim that his sentence should be reduced because of his status as an illegal alien must be dismissed.

## IV. CONCLUSION

Petitioner has failed to raise a cognizable claim under 28 U.S.C. § 2255, and thus Petitioner's habeas petition must be denied.

An applicant for a writ of habeas corpus may not take an appeal unless a judge issues a certificate of appealability under 28 U.S.C. § 2253(c); *see also* Fed. R. App. P. 22. In order for a certificate of appealability to be issued, an applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Based on the files, records and proceedings herein, the Court finds no basis upon which to grant Petitioner a certificate of appealability.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner Ramon Campos Garibay's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 63] is **DENIED.** The Court denies a certificate of appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: February 14, 2011    s/ Michael J. Davis
                            Michael J. Davis
                            Chief Judge
                            United States District Court